UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE W.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C25-5507-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends that the administrative law judge ("ALJ") erred in determining her residual functional capacity ("RFC"). (Dkt. # 15.) The Commissioner argues the decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 19.) Plaintiff did not file a reply. Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.   BACKGROUND

Plaintiff was born in 1975, has at least a high school education, and has worked as a teacher's aide and nursery school attendant. AR at 35-36. She was last gainfully employed in March 2017. *Id.* at 19. In June 2022, Plaintiff applied for benefits, alleging disability as of March 15, 2017. *Id.* at 17. Her applications were denied initially and on reconsideration, and she requested a hearing. *Id.* Following an April 2024 hearing, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-38.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff can perform light work with certain additional limitations, including the need to use a cane to ambulate away from the workstation (to and from the restroom and breakroom, and when arriving at and leaving work). AR at 22-23.

The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. AR at 1-6. Plaintiff then appealed to this Court. (Dkt. # 4.)

## III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of benefits only if the ALJ's decision is based on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The Court must consider the record as a whole in determining whether substantial evidence supports the ALJ's findings. *Id.*

Although the Court reviews the entire record, it may not reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021).

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

The ALJ is responsible for evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.    DISCUSSION

Plaintiff argues that the ALJ's RFC finding is internally inconsistent and unsupported as to cane use, that the ALJ failed to comply with Social Security Ruling ("SSR") 96-8p, and that these errors rendered the step-five finding defective. (Dkt. # 15 at 3-15.)

### A.    Cane Use and Internal Consistency

Plaintiff first contends the RFC is "illogical" because it permits cane use only when walking away from the workstation (*e.g.*, to the restroom, breakroom, and when arriving at and leaving work), while also finding she can stand or walk for two hours in an eight-hour day and perform light work. (Dkt. # 15 at 3-4.) She maintains that if she needs a cane for those activities, she must need it for all ambulation. (*Id.*)

The record does not compel that conclusion. Consultative examiner Omar Gonzalez, PA-C, observed that Plaintiff's baseline gait was steady and non-antalgic, she could walk without her cane, and she could walk on her heels and toes and tandem walk for a short period without difficulty, with normal motor strength, sensation, and reflexes. AR at 1339-44. He opined that Plaintiff could stand or walk for two hours and sit for six hours in an eight-hour

ORDER - 3

workday. *Id.* at 1345. The ALJ found this opinion persuasive, and Plaintiff does not challenge that finding. *Id.* at 33.

The ALJ also cited evidence that Plaintiff at times required a cane during back "flare ups" and therefore added a limitation not contained in Mr. Gonzalez's opinion: that Plaintiff must be allowed to use a cane "to ambulate away from her workstation (i.e., to and from the restroom and breakroom, arriving and leaving work)." AR at 23, 33 (citing *id.* at 60, 1012, 1339). The ALJ's statement that Plaintiff "should be permitted to use a cane within the workplace to ambulate longer distances, such as coming to and going from work and for work breaks and using the restroom" is reasonably read as describing typical longer-distance walking demands in a light-work setting, not as a finding that Plaintiff must use a cane for all ambulation. *Id.* at 33. Nothing in the record required the ALJ to infer that Plaintiff cannot walk any distance without a cane or that she must walk continuously for two hours without interruption. *See Ford*, 950 F.3d at 1154. Plaintiff's alternative interpretation does not establish error.

### B.     VE Testimony, Light Jobs, and Hypotheticals

Plaintiff next asserts that the Vocational Expert ("VE") testified an individual who needs a cane "for all ambulation" could not perform the light jobs the ALJ relied on, and that she in fact needs a cane for all ambulation, rendering the step-five finding unsupported. (Dkt. # 15 at 4.)

This argument hinges on a limitation the ALJ did not adopt. The RFC expressly limits cane use to ambulating away from the workstation. AR at 23. The VE testified that an individual who can perform light work but needs a cane only when walking away from the workstation can perform the jobs of garment sorter, office helper, and counter clerk. *Id.* at 66-69, 72, 75-76. In response to counsel's hypothetical involving cane use "at all times," the VE testified that such a

ORDER - 4

limitation would preclude those light jobs because it would effectively remove one hand from carrying at the light exertional level. *Id.* at 72.

Because the ALJ reasonably declined to find that Plaintiff needs a cane at all times, she was not required to incorporate that more restrictive scenario into the RFC or the dispositive hypothetical. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989). The ALJ's hypothetical reflected all limitations she found credible and supported by substantial evidence, and her reliance on the VE's responsive testimony was proper. AR at 23, 36-37; *see Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

C.    **Sedentary-Job Testimony**

Plaintiff also challenges the VE's testimony that, under a more restrictive hypothetical involving sedentary work with cane use, an individual could perform the jobs of appointment clerk, telephone solicitor, and document preparer. (Dkt. # 15 at 4-10.) She argues these jobs require Reasoning Level 3 and are inconsistent with the RFC limitation to "detailed, but not complex" tasks, and that the VE did not sufficiently address cane use and carrying at the sedentary level. (*Id.*)

These arguments do not establish reversible error because the ALJ did not rely on any sedentary jobs and made no step-five finding at the sedentary level. AR at 36-37 (identifying only light, not sedentary, representative occupations). The Commissioner's step-five burden is satisfied by identifying at least one occupation existing in significant numbers that the claimant can perform given her RFC. *See* 20 C.F.R. §§ 404.1566(b), 416.966(b); *Bayliss*, 427 F.3d at 1217. Because the decision rests on the three light jobs consistent with the RFC, any alleged error concerning the unused sedentary jobs is inconsequential to the nondisability determination. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

ORDER - 5

**D.    SSR 96-8p and Narrative RFC Explanation**

Plaintiff further contends the ALJ violated SSR 96-8p by not adequately explaining the cane limitation and by failing to include cane use for "all walking activities." (Dkt. # 15 at 13-15.) SSR 96-8p requires that the RFC assessment "include a narrative discussion describing how the evidence supports each conclusion," with citation to specific medical and non-medical evidence. 1996 WL 374184, at *7.

The ALJ satisfied this requirement. She summarized Mr. Gonzalez's examination and opinion; noted largely normal gait and neurological findings with diminished lumbar range of motion; cited treatment notes documenting intermittent cane use during back flare-ups; discussed Plaintiff's testimony; and, based on that evidence, adopted Mr. Gonzalez's standing, walking, and sitting limits while additionally permitting cane use away from the workstation. AR at 22-23, 30, 33 (citing *id.* at 60, 1012, 1339-45). SSR 96-8p governs articulation, not the substantive content of the RFC; it does not require a finding that Plaintiff needs a cane for all ambulation. The ALJ's narrative adequately links the cane restriction to the record. *Ford*, 950 F.3d at 1154.

To the extent Plaintiff argues the ALJ was required to adopt a more restrictive cane limitation, that contention falls short. A hand-held assistive device is a functional limitation only if it is medically required:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

SSR 96-9p, 1996 WL 374185, at *7.

Consistent with SSR 96-9p, courts have held that cane use affects RFC only where it is medically required in this sense. *See Sou v. Saul*, 799 F. App'x 563, 564 (9th Cir. 2020); *Beatrice D. A. v. Kijakazi*, 2023 WL 3007921, at *3 (C.D. Cal. Apr. 19, 2023). Here, there is no

ORDER - 6

medical documentation prescribing or requiring a cane for all ambulation or describing such circumstances. Mr. Gonzalez observed that Plaintiff could ambulate without a cane and had a steady, non-antalgic gait, and the ALJ reasonably limited the RFC to cane use away from the workstation based on intermittent flare-ups. AR at 22-23, 30, 33, 1339-45. Plaintiff's use of a cane, by itself, does not compel a more restrictive RFC. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) (ALJ need not adopt allegations the record does not support); *Sou*, 799 F. App'x at 564 (physical-therapy notes reflecting cane use are not the "medical documentation" contemplated by SSR 96-9p).

Accordingly, substantial evidence supports the ALJ's RFC assessment and step-five finding of nondisability, and Plaintiff has not shown a basis for remand.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 4th day of March, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7